## STETSON & al. vs. HEALEY & ux.

Where certain of the heirs at law of an intestate, entitled to different proportions of the personal property, joined with the administrator in a submission of their claims to an arbitrator, who awarded a gross sum against the administrator, which he further proceeded to apportion among the heirs; it was held that they all might well join in an action on the award.

THIS was an action of *assumpsit* on an award; in which a verdict was taken for the plaintiffs, subject to the opinion of the court upon the question whether they might lawfully join in this action.

The facts were these. Mrs. *Healey* was the widow of the late *Joseph Sprague*, Esq. and administratrix on his estate; against whom the plaintiffs, who were some of his heirs at law, claimed different sums as their proportions of the residue of the property in her hands; under his will and that of his ancestor, executed by him. To adjust these claims, they all joined in a parol submission of the whole subject to an arbitrator, who made a report in writing, in which he awarded a gross sum as payable by the administratrix; which he proceeded to apportion into different sums to be paid to the respective heirs. The verdict was for the gross sum thus awarded.

*Allen*, for the defendants, argued that the plaintiffs might have sued severally, each for the sum awarded as his part; and wherever they may sever, they cannot join. If they might, the other party could be deprived of his set-off. *Brand v. Boulter*, 3 *Bos. & Pul.* 235; *Bean v. Blanchard*, 4 *Wend.* 432.

*Greenleaf*, for the plaintiffs, cited 1 *Saund.* 153; 1 *East*, 226. 497; 5 *East*, 225.

MELLEN C. J. delivered the opinion of the Court at the ensuing *June* term in *Somerset.*

The objection of the defendants goes merely to the form of the action, and has no connexion whatever with the merits. A joint action, if maintainable, is more convenient and less expensive than several actions founded on the award. The submission was a joint one on the part of the plaintiffs, of their claims against the estate of *Joseph Sprague*; and Mrs. *Healey*, his widow, before her marriage, as administratrix on her late husband's estate, was a party to this submission, making no objection to the joinder at the time of the submission or at any subsequent stage of the proceeding. The arbitrator found that the sum of $825,80 was due to the plaintiffs; and for this amount he awarded in their favor; and this is all he was authorised to do by the terms of the submission. It is true that in the award he goes on, and makes a division of that sum, appropriating to each plaintiff a certain proportion of it. It does not appear that this appropriation was incorrect or unsatisfactory to either of them. Suppose they had made an amicable arrangement among themselves, apportioning the $825,80 in the same manner, no one would contend that the form of action on the award would in the least be affected by it. The verdict is for a gross sum, and if judgment be rendered thereon, and the money paid on execution, the plaintiffs will apportion it among themselves, according to the terms and provisions of the award. No informality will appear on the record. The verdict will support the judgment. If it be said that by a joinder of all the plaintiffs in the action, either of them may release the whole judgment, to the prejudice of the others, it may be answered that the plaintiffs voluntarily placed themselves and their rights in this situation, and they apprehend no danger or loss; and why should the defendants be so anxious for the preservation of others' rights, when payment to any one of the plaintiffs will be a discharge and satisfaction of the judgment? Besides, if either should receive more than his proportion, he would be accountable to the others for the surplus, in an action for money had and received. Supposing, therefore that independently of the joint submission

and prosecution of the plaintiffs' claim by the express consent of the defendants, they could not by law have joined in an action; still we think that consent must be considered as extending to the present action, which is a necessary measure to compel a performance of the award founded on a joint submission. If several persons should improperly join in an action as plaintiffs, and the defendant should make no objection, and a verdict should be returned in their favor; in an action of debt on the judgment rendered on such verdict, the same plaintiffs not only might, but must be joined. In the present case, the injury occasioned by Mrs. *Healey* in not performing the award, was an injury to all the plaintiffs jointly; for the award when made was binding on her as to all or none of them. Its virtue and obligation were not capable of severance, so as to afford a remedy for one of the plaintiffs and not another. But considering that the principal question submitted to and decided by the arbitrator, had relation to the construction of a will in which all the plaintiffs had a joint interest, we do not think it clear by any means that the plaintiffs might not have joined in an action against Mrs. *Healey*, had there not been any submission. In the case of the *Tunbridge Wells dippers*, 2 *Wils.* 423, it was decided that several persons might join in an action against a stranger for disturbing them in their employment, in which they were all jointly concerned in point of interest, although they were severally entitled to receive, for their own several use, such voluntary gratuities as the company were disposed to give them. In *Coryton & al. v. Lithebye*, 2 *Saund.* 115, it was settled that persons may join in an action for a joint injury done by a stranger, though their interests are several. So where the cattle of A and B, owned by them severally, were distrained, and C for ten pounds agreed and promised that the cattle should be restored to their respective owners; an action by A and B jointly was sustained against C, for the non-performance of his agreement. 1 *Roll. Abr.* 31. We however prefer placing our decision on the ground of the joint submission by consent, the powers of the arbitrator, and the necessary connexion of this action with his award, as we have stated in the former part of this opinion.

<em>Judgment on the verdict.</em>